PEARSON, J.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WESTLEY, | ) | |
| | ) | CASE NO. 4:21CV1672 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BRANDESHAWN HARRIS, *et al*., | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

Pending before the Court is the 28 U.S.C. § 1915(e)(2)(B), screening of *pro se* Plaintiff's Complaint.  ECF No. 1.  Having reviewed the Complaint and applicable law, the Court will allow limited versions of Claims One through Nine to proceed to service as to certain Defendants, while dismissing the rest of Plaintiff's Complaint and the other Defendants named.

### A. Background

*Pro se* Plaintiff James Westley, an Ohio prisoner incarcerated in the Trumbull Correctional Institution, has filed a Complaint seeking damages under 42 U.S.C. § 1983 against fifty defendants, including corrections officers, medical staff, the warden and former wardens, and institutional inspectors and administrators.  ECF No. 1.  Plaintiff's 75-page single-spaced Complaint is unwieldy and difficult to parse.

In Claim One, Plaintiff alleges his rights were violated in connection with a serious injury to his right foot and ankle he alleges he sustained on August 27, 2019, after he stepped in a pot hole and fell on a walking path surface outside of his housing unit.  He alleges the walking path was negligently-maintained and that prison medical staff failed to provide him "proper adequate medical attention" for his injury.  *Id*. at PageID #: 15.  He indicates he was seen and evaluated by

1

4:21CV1672

Defendants Lane and Kline and others and given pain medication, an X-ray, and a foot boot, but he complains about the diagnosis and level of treatment he was provided. He complains prison medical and other staff did not take his complaints of pain seriously, gave him broken and unsanitary crutches, denied him a medical shower chair and an MRI and CT scan from an outside hospital. And he contends "Medical is trying to rush [his] recovery" to "cover up the institution[']s negligence." *Id.* at PageID #:17.

In Claim Two, Plaintiff alleges an incident of excessive force that occurred on December 6, 2019. He alleges that after he asked Corrections Officer Ficeti a question about "an issue" he was having, Ficeti "inappropriately took his frustrations out on [plaintiff]" and "grabbed" plaintiff and "forcefully push[ed]" him to the door. *Id.* at PageID #: 21. Plaintiff alleges his foot was "severely hurting" after this incident, although he did not seek medical assistance allegedly to avoid "retaliation and harassment." *Id.* at PageID #: 22.

In Claim Three, Plaintiff alleges his rights were violated in January 2020, when he was "forced" into a cell with a level 4B mental health inmate, who later assaulted him. *Id.* at PageID #: 26. Plaintiff contends Corrections Officers Haines, Gregory, Grimm, Forsic, and Miller conspired to orchestrate this assault, and that he was not given adequate medical care afterward, complaining that Dr. Kline did not find it necessary to call 911, X-ray Plaintiff's back, or send him to an outside hospital for an MRI or CT scan. *Id.* at PageID #: 28-29.

In Claim Four, Plaintiff contends he was subjected to cruel and unusual punishment when Corrections Officers Gurmin and Forman and Nurse Pullis, with the approval of Dr. Kline, put him in a cell in medical with another inmate who had an "unknown illness" after the January 2020 assault. *Id.* at PageID #: 41.

In Claims Five and Six, Plaintiff contends he was subjected to deliberate indifference in March and June 2020, when Ms. Garvey and Corrections Officer Spratsky purposely "coughed" on him and then taunted him with comments about the prospect of contracting coronavirus. *Id.* at

4:21CV1672

PageID #: 45-50.

In Claim Seven, he alleges that Corrections Officer Eubank used excessive force against him on December 26, 2020, by "maliciously and sadistically" using "a chemical agent against [him] with no just cause" and lied on a conduct report against him to justify the misconduct. *Id.* at PageID #: 51.

In Claim Eight, he alleges deliberate indifference in connection with an alleged assault on him by another inmate occurring on January 21, 2021.  He alleges that "institutional staff" had knowledge that the other inmate (Torres) was not supposed to be housed with him due to a prior violent attack, but "completely disregarded" his and other inmates' safety by housing Torres in their housing unit.  And he contends that after Torres attacked him, Capt. Wadolowski maliciously and sadistically charged him with fighting to cover up the fact that he was assaulted as a result of institution's "reckless disregard" for his safety. *Id.* at PageID #: 58.

In Claim Nine, Plaintiff alleges his rights were violated on the basis of a verbal exchange he had with Corrections Officer Murray on January 29, 2021, during which Murray allegedly "threatened to have [him] 'crashed on' if [he] did not get out of [Murray's] face asking him about a mattress with a cover on it." *Id.* at PageID #: 63.

Other than the forgoing allegations, the Plaintiff's Complaint is virtually impossible to parse for specific allegations and legal claims as to each of the remaining named Defendants.  It appears he seeks to hold most of the remaining Defendants liable on the basis they failed to properly process and/or remedy complaints he made or grievances he filed about the misconduct he alleges in his various claims.

### B. Standard of Review and Discussion

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen his Complaint under 28 U.S.C. § 1915(e)(2)(B), and dismiss before service any portion of it that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be

3

4:21CV1672

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [§ 1915(e)(2)(B) because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill*, 630 F.3d at 471.  To survive scrutiny, the complaint must contain "sufficient factual matter, accepted as true" as against each Defendant sufficient to "to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Nonetheless, the Court is not required to conjure allegations on his behalf or construct claims for him.  *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2014)**.**

Upon review, the Court will allow Plaintiff's Complaint to proceed past screening as against Defendants Lane, Kline, Ficeti, Haines, Gregory, Grimm, Gurmin, Forsic, Miller, Pullis, Eubank, Garvey, Spratsky, Wadowloski, and Murray because the Court is able to discern from Plaintiff's Complaint specific factual allegations of misconduct allegedly violative of his rights as to these Defendants.

The Court, however,  finds that the Complaint must be dismissed in its entirety for failure to state a claim as to all of the remaining Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

Damage claims alleged to arise from violations of constitutional rights "cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did

4

4:21CV1672

to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp*., 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did. . . ."). To survive a dismissal, a plaintiff must plead facts sufficient to show "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Other than the Defendants specifically identified above as to whom the Court has determined Plaintiff's action may proceed, Plaintiff's allegations with respect to the remaining Defendants are either non-existent in his Complaint, or are so unclear, unsubstantial, vague, or conclusory that they fail to meet the basic pleading requirements necessary to suggest plausible claims. The Court is not required to parse Plaintiff's pleading in order to construct the claims he might be seeking to assert against the remaining Defendants. Furthermore, liability may not be imposed on the remaining Defendants under § 1983 (as it appears Plaintiff seeks to do with respect to at least the majority of the remaining Defendants) solely on the basis of their supervisory positions, their failure to remedy conduct of which he complains, or their denial of his administrative grievances. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

### C. Conclusion

For the foregoing reasons, Plaintiff's action may proceed only as against Defendants  Lane, Kline, Ficeti, Haines, Gregory, Grimm, Gurmin, Forsic, Miller, Pullis, Eubank, Garvey, Spratsky, Wadowloski, and Murray for the conduct he alleges in Claims One through Nine in the Complaint. Accordingly, the Clerk's Office is directed to forward the service materials Plaintiff has provided to the U.S. Marshal for service of process on these Defendants, **and a copy of this Order shall be included with the documents to be served.**

Plaintiff's Complaint is otherwise dismissed as against all remaining Defendants pursuant

4:21CV1672

to 28 U.S.C. § 1915(e)(2)(B).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

from this decision could not be taken in good faith.

     IT IS SO ORDERED.

 April 29, 2022                                   *Benita Y. Perason*
Date                                         Benita Y. Pearson
                                             United States District Judge