PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WESTLEY, | ) | |
| | ) | CASE NO. 4:21-CV-1672 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BRANDESHAWN HARRIS, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 24, 29] |

Pending before the Court is Defendants' Motion for Judgment on the Pleadings or, in the Alternative, Motion to Sever. ECF No. 24. Plaintiff filed an opposition (ECF No. 28), and Defendants filed a reply (ECF No. 30). Also pending is Plaintiff's Motion for Leave to Amend his Complaint and Add Defendants. ECF No. 29. Defendants oppose this motion. ECF No. 31. For the reasons stated below, the Court grants Defendants' motion; Plaintiff's motion is denied.

**I. Background**

*Pro se* Plaintiff James Westley commenced this action seeking damages under 42 U.S.C. § 1983 while still incarcerated at the Trumbull Correctional Institution. ECF No. 1. He has since been released from prison and continues to pursue his claims to seek damages for alleged violations of his constitutional rights during his incarceration. Defendants include prison staff members and medical personnel who worked at the Trumbull Correctional Institution during Plaintiff's period of incarceration.

Plaintiff originally filed a 75-page complaint seeking damages against fifty defendants. ECF No. 1. Given that Plaintiff proceeded *in forma pauperis*, the Court screened his Complaint

(4:21-CV-1672)

(ECF No. 1) under 28 U.S.C. § 1915(e)(2)(B) to dismiss any portion of the Complaint that the Court determined was frivolous or malicious, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such a relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). After reviewing Plaintiff's original Complaint (ECF No. 1), the Court allowed Plaintiff's nine claims to proceed past screening as against only fifteen[1] of the originally named Defendants and dismissed Plaintiff's Complaint as against all remaining Defendants. ECF No. 7 at PageID #: 286.

Plaintiff now brings nine claims against Defendants under 42 U.S.C. § 1983, claiming that Defendants violated his Eighth Amendment rights by inflicting cruel and unusual punishment upon him during his incarceration. In Claim One, Plaintiff alleges that his Eighth Amendment rights were violated by Defendants Lane and Kline when they denied him adequate medical care for his foot injury by refusing to provide him with a medical shower chair, MRI scan, and CT scan. In Claim Two, Plaintiff alleges that Defendant Ficeti violated his Eighth Amendment rights by pushing Plaintiff while Plaintiff was balancing on crutches, allegedly reinjuring Plaintiff's foot. In Claim Three, Plaintiff alleges that Defendants Haines, Gregory, Grimm, Forsic, Kline, and Miller violated his Eighth Amendment rights by forcing Plaintiff to share a cell with Inmate Hart, a Level 4B, STG, C-1 mental health patient with a history of

---

[1] The Court allowed Plaintiff's action to proceed only as against Defendants Lane, Kline, Ficeti, Haines, Gregory, Grimm, Gurmin, Forsic, Miller, Poullas, Eubank, Garvey, Prasky, Wadowloski, and Murray. ECF No. 7 at PageID #: 286. Given that the Court dismissed Defendant Brandeshawn Harris and Nurse Jane Doe from Plaintiff's original Complaint during the screening process and the Court is dismissing Plaintiff's Claim One and Claim Three in this Memorandum of Opinion and Order, the subjects of the pending Motion for Leave to Amend (ECF No. 29), it would be futile to allow Plaintiff's proposed amendments. In the alternative, Plaintiff's Motion for Leave to Amend (ECF No. 29) is denied as moot, given the dismissal of his case.

2

(4:21-CV-1672)

assaulting others, which resulted in Plaintiff suffering serious physical injuries from being assaulted by Inmate Hart. In Claim Four against Defendants Gurmin, Poullas, and Kline, Plaintiff alleges that these three Defendants violated his Eighth Amendment rights by placing him in a cell with a sick inmate. In Claims Five and Six against Defendants Garvey and Prasky, Plaintiff claims that these two Defendants violated his Eighth Amendment rights by intentionally coughing on Plaintiff and commenting that they hoped Plaintiff would become infected with COVID-19. In Claim Seven, Plaintiff alleges that Defendant Eubank violated his Eighth Amendment rights by "maliciously and sadistically" spraying a chemical agent in Plaintiff's face. ECF No. 1 at PageID #: 51. In Claim Eight against Defendant Wadowloski, Plaintiff alleges that his Eighth Amendment rights were violated when Defendant Wadowloski placed Inmate Torres, an inmate with a history of violence, in the same cell block as Plaintiff, which ultimately resulted in Inmate Torres assaulting Plaintiff. In Claim Nine against Defendant Murray, Plaintiff alleges that Defendant Murray violated his Eighth Amendment rights by verbally threatening to order other inmates to physically assault Plaintiff.

Defendants filed a Motion for Judgment on the Pleadings or in the Alternative Motion to Sever, urging the Court to dismiss Plaintiff's claims, or alternatively, dismiss or sever the improperly joined parties and claims. ECF No. 24. Plaintiff responded in opposition to Defendants' Motion, promising to "present material, direct evidence" to support his case. ECF No. 28 at PageID #: 662. Defendants replied, reiterating their position that Plaintiff's claims should be dismissed, or, in the alternative, that the improperly joined parties and claims should be dismissed or severed. ECF No. 30.

3

(4:21-CV-1672)

## II. Standard of Review

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) is "analyzed under the same *de novo* standard as motions to dismiss pursuant to" Federal Rule of Civil Procedure 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must determine whether there are material issues of facts that exist and take "all well-pleaded material allegations" in the Complaint as true, construing those allegations in a light most favorable to Plaintiff. *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Taken altogether, a motion for judgment on the pleadings may only be granted if there are no material issues of fact and the moving party is clearly entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

A well-pleaded material allegation is defined in Federal Rule of Civil Procedure 8(a)(2) as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Twombly*, the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Supreme Court has also clarified that plaintiffs are not required to provide specific facts, but rather only statements that "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 545). In addition to reviewing the claims set forth in Plaintiff's

4

(4:21-CV-1672)

Complaint, the Court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the Complaint and are central to the claims contained therein. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie Cty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012).

### III. Discussion

#### A. Exhaustion of Administrative Remedies

When a prisoner brings a federal civil action under 42 U.S.C. § 1983, such actions are governed by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA requires that prisoners exhaust available administrative remedies when bringing actions with respect to prison conditions under § 1983. 42 U.S.C. § 1997e(a). Plaintiff states that prior to filing his Complaint, he filed grievances with multiple institutional staff that included all the claims that he pleaded in his Complaint. ECF No. 1 at PageID #: 67. He also states that all his claims were "falsely denied" and that he "appealed to the . . . the chief inspector," thus, completing the grievance process. ECF No. 1 at PageID #: 68. Taking Plaintiff's well-pleaded allegations as true, Plaintiff has satisfied the exhaustion of administrative remedies requirement pursuant to the PLRA.

#### B. Merits of Plaintiff's Nine Claims

Beyond satisfying the PLRA exhaustion of administrative remedies requirement, Plaintiff must also be able to show "physical injury or the commission of a sexual act" because claims of mental or emotional injury alone are insufficient in a § 1983 civil suit filed by a prisoner. 42 U.S.C. § 1997e(e). Additionally, prisoners filing 42 U.S.C. § 1983 actions must prove "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a

(4:21-CV-1672)

person acting under the color of state law." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)).

In this case, Plaintiff claims that he was deprived of his Eighth Amendment constitutional rights by various staff members of the Trumbull Correctional Institution who were acting under the color of state law. The Eighth Amendment provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. The Sixth Circuit has cautioned that "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Nonetheless, prison officials are required, pursuant to the Eighth Amendment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care," to take "reasonable measures to guarantee the safety of the inmates," and to avoid "using excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see also Phillips v. Tangilag*, 14 F.4th 524, 532–33 (6th Cir. 2021).

### i. Conditions of Confinement: Claims One, Three, Four, and Eight

Plaintiff may succeed on a "conditions of confinement" claim if he demonstrates that "prison officials acted with deliberate indifference to a prisoner's constitutionally protected needs." *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992); *see also Porter v. Nussle*, 534 U.S. 516, 529 (2002). The two relevant conditions in this case include allegations that prison staff provided Plaintiff with inadequate medical care and attention when he was injured and that the prison staff failed to protect Plaintiff from being assaulted by other inmates.

A prisoner may also bring forth a "cruel and unusual punishment" claim when he is denied "the medical care [needed] to prevent 'pain and suffering' from [his] health conditions." *Phillips*, 14 F.4th at 532 (citing *Estelle v. Gamble*, 429 U.S. 97, 103–104 (1976)). "To prove this

6

(4:21-CV-1672)

type of claim under 42 U.S.C. § 1983, a prisoner must show both that a defendant acted under color of state law and that the defendant was deliberately indifferent to the prisoner's serious medical needs." *Phillips*, 14 F.4th at 532 (citing *West v. Atkins*, 487 U.S. 42, 48–49 (1988)).

Plaintiff must prove both objective and subjective components to prevail on his "cruel and unusual punishment" claim for deprivation of adequate medical care.  See *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018).  "For the objective component, [Plaintiff] must demonstrate the existence of a sufficiently serious medical need." *Id.*  (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)).  "For the subjective component, [Plaintiff] must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care," which requires that the defendant know of and disregard an excessive risk to Plaintiff's health or safety.   *Winkler*, 893 F.3d at 891 (quoting *Spears*, 589 F.3d at 254 and *Farmer*, 511 U.S. at 837).  In other words, Plaintiff must show that Defendants acted recklessly, which does not require that Plaintiff "show that [Defendants] acted with the very purpose of causing harm," but does require that Plaintiff show "something greater than negligence or malpractice."   *Winkler*, 893 F.3d at 891.

In the context of physical assaults by other inmates, prison officials have a duty to protect prisoners from suffering from violence at the hands of other inmates.  See *Farmer*, 511 U.S. at 833; *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021).  Mere negligence is insufficient to support an Eighth Amendment violation claim.   *Gibson*, 963 F.2d at 853.  Rather, a showing of "deliberate indifference on the part of the officials to the inmate's risk of injury" is necessary to support a cognizable Eighth Amendment violation claim.  *Id.* (citing *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988).

7

(4:21-CV-1672)

There is an objective and subjective component that must be met for Plaintiff to prevail on claims alleging prison officials' failure to protect. The Sixth Circuit provides:

> The objective component is satisfied by allegations that absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm. To satisfy the subjective component, a plaintiff must allege that the defendant was aware of facts from which the inference could be drawn that a substantial risk of harm would exist if reasonable measures were not taken, that the defendant actually drew the inference, and that the defendant acted in disregard of that risk.

*Amick v. Ohio Dep't of Rehab. & Correction*, 521 F. App'x 354, 361 (6th Cir. 2013) (citations omitted).

### a. Claim One

In the case at bar, Plaintiff alleges that on or about August 27, 2019, he was denied adequate medical care by Defendants Lane and Kline, a nurse and doctor respectively, after suffering from a foot injury because he was not provided with "a CT and/or MRI" and was "denied a medical shower chair." ECF No. 28 at PageID #: 646; ECF No. 1 at PageID #: 13. Plaintiff's injury resulted from an incident where he "unassumingly stepped into one of the many well developed potholes and was thrown down" while walking to breakfast one morning. ECF No. 1 at PageID #: 14. Plaintiff admits that Defendant Lane responded to Plaintiff's medical emergency, and soon after, Defendant Lane took Plaintiff to the infirmary, where he was assessed and treated by Defendants Lane and Kline. Parties do not dispute that Plaintiff was provided with a foot boot, ankle brace, crutches, and two X-rays; however, Plaintiff claims that X-rays were inadequate to properly assess his injury. Plaintiff also claims that he suffered nerve damage as a result of Defendants' failure to provide him with proper medical care, satisfying the PLRA requirement of showing a physical injury associated with the claim. ECF No. 1 at PageID

8

(4:21-CV-1672)

#: 18. The allegations give rise to a sufficiently serious medical need that required medical attention, satisfying the objective component of an Eighth Amendment claim.

As for the subjective component of an Eighth Amendment claim, despite Plaintiff's dissatisfaction with the level of medical care he received and his alleged resulting nerve damage, Defendants Lane and Kline's actions and inactions do not rise to the level of recklessness and disregard of excessive risk necessary for Plaintiff to prevail on this claim. Defendants Lane and Kline assessed Plaintiff's injury by conducting X-rays and provided Plaintiff with the equipment they deemed necessary given the extent of Plaintiff's injuries. Even if Defendants Lane or Kline's actions and inactions were considered negligent, "'negligen[ce] in diagnosing or treating a medical condition' [does] not suffice to make out a claim of cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Estelle*, 429 U.S. at 105–106). Plaintiff's allegations, therefore, do not show that Defendants knew of and disregarded excessive risk to Plaintiff's injured foot and ankle. Because Plaintiff has failed to show that Defendants were deliberately indifferent to Plaintiff's medical needs and there are no disputed material facts regarding this claim, the Court dismisses Claim One.

### b. Claim Three

Plaintiff alleges that on or about January 18, 2020, Defendants Haines, Gregory, Grimm, Forsic, Kline, and Miller, in retaliation for Plaintiff filing complaints related to Claim One, conspired to have Plaintiff share a cell with Inmate Hart, a Level 4B, STG, C-1 mental health patient with a history of assaulting others. After Inmate Hart physically assaulted Plaintiff, Plaintiff was taken to the infirmary to receive medical care for the injuries he suffered from the attack, satisfying the PLRA requirement that Plaintiff show physical injury associated with his claim.

(4:21-CV-1672)

Plaintiff's allegations give rise to yet another "conditions of confinement" claim, in which he contends that Defendants demonstrated deliberate indifference to his safety by placing him in a cell with Inmate Hart, who had a known history of violence. Defendants misconstrue Plaintiff's claim as a § 1985(3) conspiracy[2] and a retaliation claim[3]. On the contrary, it appears that Plaintiff's actual intent for Claim Three was to bring a § 1983 "conditions of confinement" claim in violation of his Eighth Amendment rights. Although Plaintiff uses the terms "conspired" and "retaliation" in his pleading, it does not appear that Plaintiff intended to bring a § 1985(3) or retaliation claim, but rather, was using that language to express that Defendants' actions were intentional and constituted malicious disregard for the substantial risk to Plaintiff's safety, in support of his § 1983 claim.

Analyzing Claim Three as a § 1983 claim, Plaintiff's allegations satisfy the objective component, but not the subjective component of a "conditions of confinement" claim. Plaintiff was undoubtedly exposed to a substantial risk of serious harm by being placed in a cell with Inmate Hart who was a Level 4B, STG, C-1 mental health patient, who had a "well-documented history of assaults on his cellmates and others." ECF No. 28 at PageID #: 651. The only

---

[2] Defendants' Motion accurately details the elements that must be met for Plaintiff to prevail in a 42 U.S.C. § 1985(3) claim. ECF No. 24 at PageID #: 603. Although it does not appear to be the case, had Plaintiff intended to bring a § 1985(3) claim, then Defendants correctly point out that Plaintiff failed to demonstrate that the conspiracy, if taking Plaintiff's allegations as true, was "motivated by a class-based animus." ECF No. 24 at PageID #: 603; *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005). Plaintiff has failed to state a § 1985(3) claim, if that were truly his intent.

[3] Defendants' Motion properly provides the required elements that Plaintiff must prove to prevail on a retaliation claim. ECF No. 24 at PageID #: 604. Although Plaintiff does not appear to have intended to bring a retaliation claim, had he intended to do so, Defendants correctly indicate that Plaintiff's allegations are insufficient to sustain a plausible retaliation claim against Defendants. See *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

(4:21-CV-1672)

assertions that Plaintiff raises to support his allegations that Defendants actively disregarded the substantial risk of harm to Plaintiff were that 1) Inmate Hart told Defendant Grimm "it's done, what's done is done"; 2) Inmate Hart was given extra privileges; and 3) neither Defendant Grimm nor any other prison staff ever wrote a Conduct Report following Inmate Hart's attack on Plaintiff.

Plaintiff also contends that he received inadequate medical attention and care at the infirmary.[4] When Plaintiff arrived at the infirmary, he informed the medical personnel that his "head, neck, and back were in serious pain." ECF No. 1 at PageID #: 28. A nurse "stuck Plaintiff with an unknown needle . . . that caused him to go to sleep." ECF No. 28 at PageID #: 652. In response to Plaintiff's injuries, Defendant Kline ordered an X-ray of Plaintiff's back and issued Plaintiff a walker. Although Plaintiff disagreed with the medical care he was given, his allegations do not indicate that Defendants acted recklessly or that their actions amounted to the level of deliberate indifference required to successfully plead a prima facie claim of cruel and unusual punishment. For these reasons, the entirety of Plaintiff's Claim Three is dismissed.

### c. Claim Four

Plaintiff alleges that on or about January 25, 2020, he was recovering from injuries in an infirmary cell when Defendants Gurmin, Poullas, and Kline violated his Eighth Amendment rights by placing a sick inmate, who was "throwing up, coughing, [and] sneezing" in the same cell as Plaintiff. ECF No. 1 at PageID #: 41. Plaintiff claims that Defendant Gurmin, a correctional officer, "put a general population sick inmate in the cell" and that Defendant Poullas, a nurse, told him that Defendant Kline, a doctor, authorized housing the sick inmate

---

[4] Defendants fail to address this allegation in their Motion. *See* ECF No. 24.

(4:21-CV-1672)

with Plaintiff. ECF No. 1 at PageID #: 41. Although Plaintiff states that he suffered "physical, emotional, and mental assault, and PTSD" as a result of Defendants' actions, Plaintiff fails to indicate any form of physical injury, except for merely conjecturing that he "may have contracted COVID-19 and been asymptomatic." ECF No. 28 at PageID #: 656. The Court finds that absent a specific and actual physical injury allegation, Plaintiff has failed to satisfy the PLRA pleading requirements necessitating a showing of physical injury, and therefore, dismisses Claim Four.

### d. Claim Eight

Plaintiff alleges that on or about January 8, 2021, Plaintiff was physically assaulted by Inmate Torres after Defendant Wadowloski placed Inmate Torres in the same cell block as Plaintiff only two days after Inmate Torres was accused of robbing Inmate Ramilla. Following this incident, Plaintiff claims that Defendant Wadowloski charged him with fighting Inmate Torres to "cover up the fact that [Plaintiff] was assaulted as a result of" Defendant Wadowloski's reckless disregard of Inmate Torres' risk to Plaintiff's safety. ECF No. 1 at PageID #: 58. Construing the allegations in the light most favorable to Plaintiff, Defendant Wadowloski knew that Inmate Torres had just been accused of robbing Inmate Ramilla. Nevertheless, Inmate Torres was not charged and there is no indication in the pleadings or exhibits central to the Complaint that Inmate Torres violently attacked Inmate Ramilla during the alleged commission of the robbery, which Inmate Torres appeared to have participated in with two other inmates, Inmates Bland and Weatherspoon.

Neither the objective nor subjective components of an Eighth Amendment claim are met with regard to this claim. Based on the facts provided, Inmate Torres was neither charged with an assault on the inmate he allegedly robbed nor was there an institutional separation ordered

(4:21-CV-1672)

between Inmate Torres and Inmate Ramilla. Even if Plaintiff perceived Inmate Torres as a substantial risk to his safety, it was reasonable for Defendant Wadowloski to assume that Inmate Torres was not going to be a danger to Plaintiff under these circumstances. At most, Plaintiff has shown that Defendant Wadowloski was negligent; however, Plaintiff's pleadings do not demonstrate that Defendant Wadowloski acted with such disregard for Plaintiff's safety to give rise to a claim of deliberate indifference. Ultimately, Plaintiff has not plausibly pled that the assignment of Inmate Torres to the same cell block as him posed a substantial risk of serious harm to Plaintiff. Thus, Plaintiff's Claim Eight is dismissed.

### ii. Excessive Force: Claims Two, Five, Six, Seven, and Nine

To prevail on a claim of excessive force, Plaintiff "must demonstrate that the defendant acted 'maliciously and sadistically to cause harm.'" *Porter v. Nussle*, 534 U.S. 516, 529 (2002) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Furthermore, "the Eighth Amendment protects prisoners only from that conduct which is 'repugnant to the conscience of mankind.'" *Rafferty v. Trumbull Cnty.*, Ohio, 915 F.3d 1087, 1094 (6th Cir. 2019) (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010)). The Eighth Amendment does not protect prisoners from "de minimis uses of physical force"; therefore, it is insufficient to merely claim a "push or shove" that does not cause any discernible injury. *Hudson*, 503 U.S. at 9.

#### a. Claim Two

Plaintiff alleges that on or about December 6, 2019, Defendant Ficeti violated his Eighth Amendment rights by grabbing and pushing Plaintiff while Plaintiff was balancing on crutches. ECF No. 1 at PageID #: 21–22. Although Plaintiff satisfied the PLRA requirement by indicating that he endured additional pain to his already injured foot as a result of Defendant Ficeti's actions (ECF No. 1 at PageID #: 22), Plaintiff's allegations fail to show that Defendant Ficeti's

13

(4:21-CV-1672)

actions violate the Eighth Amendment. When Defendant Ficeti allegedly grabbed and pushed Plaintiff, Plaintiff's foot was already injured; thus, it is difficult to discern solely based on the provided allegations, whether the physical pain in Plaintiff's foot was distinguishable from the injury he previously suffered in relation to the incident relayed in Claim One. Even if the pain Plaintiff suffered from this incident were discernible from the injury he suffered as a result of the events alleged in Claim One, Plaintiff's Claim Two is still untenable because his alleged injury from this incident appears to be relatively minor. *Cf. Hudson*, 503 U.S. at 10 (finding that the Fifth Circuit erroneously found the plaintiff's claim to be untenable because plaintiff suffered "bruises, swelling, loosened teeth, and a cracked dental plate," all of which are not considered *de minimis* for the purposes of an Eighth Amendment claim). Additionally, while Defendant Ficeti grabbing and pushing Plaintiff may have been unwarranted and unnecessarily aggressive behavior, the Court does not find that such actions are so "repugnant to the conscience of mankind" as to constitute an Eighth Amendment violation. *Wilkins*, 559 U.S. at 38. Given that Plaintiff has failed to successfully plead an excessive force claim and that there are no material issues of fact, the Court dismisses Claim Two.

### b. Claims Five and Six

In Claim Five, Plaintiff alleges that on or about March 18, 2020, Defendant Garvey "maliciously and sadistically coughed on Plaintiff"; and in Claim Six, Plaintiff alleges that on or about May 29, 2020, Defendant Prasky "maliciously and sadistically coughed in Plaintiff's face." ECF No. 28 at PageID #: 656–57. In both incidents, Plaintiff claims that Defendants Garvey and Prasky attempted to infect Plaintiff with the coronavirus. ECF No. 1 at PageID #: 46, 48–49. Pertaining to Claim Five, Plaintiff states that he suffered from chest pains and tightness as well as joint pains after Defendant Garvey coughed on him. Plaintiff does not

14

(4:21-CV-1672)

provide indication of any physical injury that resulted from Defendant Prasky's actions in Claim Six. Taking Plaintiff's allegations as true, Defendant Garvey and Prasky's action were unwarranted and may even be considered malicious. Nevertheless, the physical injuries that Plaintiff suffered as a result of these two incidents were little to none, thus Plaintiff's Claims Five and Six fail to meet the pleading standards of an Eighth Amendment excessive force claim. The Court, therefore, dismisses Claims Five and Six.

### c. Claim Seven

Plaintiff alleges that Defendant Eubank, a correctional officer, pepper sprayed Plaintiff's face when Plaintiff tried to take back his bowl of food that Defendant Eubank confiscated from him. Following this incident, Defendant Eubank documented his account of what occurred in a Conduct Report citing Plaintiff's disciplinary infractions. ECF No. 1-4 at PageID #:173. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court determined that "unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action," a prisoner does not have a cognizable claim for damages under 42 U.S.C. § 1983 "if a finding for the plaintiff would necessarily invalidate a conviction or sentence." *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007); *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In this case, on or about December 26, 2020, Plaintiff refused to provide proof of purchase for a bowl of food that he had just microwaved when Defendant Eubank ordered him to do so. This led Defendant Eubank to take away Plaintiff's bowl of food that was sitting on the table. Plaintiff then tried to retrieve his bowl of food from Defendant Eubank, and Defendant Eubank proceeded to pepper spray Plaintiff. Following this incident, Plaintiff claims that he suffered injury to his vision and his back, satisfying the PLRA requirement that he shows physical injury associated with his claim. ECF No. 1 at PageID #: 51.

(4:21-CV-1672)

Plaintiff accuses Defendant Eubank of falsifying the details in the Conduct Report, which describe Plaintiff as exhibiting aggressive behavior that physically threatened Defendant Eubank. Instead, Plaintiff asserts that he did not pose a threat to Defendant Eubank because Plaintiff was holding a bag of ice in his left hand and reaching for his bowl of food only with his right hand when Defendant Eubank sprayed him with a chemical agent. ECF No. 28 at PageID #: 659. Despite Plaintiff's allegations that details in the Conduct Report are untrue and that Defendant Eubank used excessive force, Defendant Eubank's Conduct Report has not been previously invalidated.[5] Plaintiff has been released and he rule violation citations in Defendant Eubank's Conduct Report remain valid. Judgment in favor of Plaintiff on Claim Seven would necessarily invalidate the finding that Plaintiff committed multiple rule violations associated with this incident. Under these circumstances, Claim Seven is dismissed because it is barred by the *Heck* doctrine and its progeny[6] and is not a cognizable claim under § 1983.

### d. Claim Nine

Plaintiff alleges that on or about January 29, 2021, Defendant Murray, a correctional officer, verbally threatened to order other inmates to physically assault him if Plaintiff "did not get out of [Defendant Murray's] face asking him about a mattress with a cover on it." ECF No. 1 at PageID #: 63. Verbal harassment, including a threat of excessive force, is not considered a "cruel and unusual" punishment that violates an individual's Eighth Amendment rights. *See Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). There is no indication from any of the pleadings or exhibit central to the Complaint that Plaintiff suffered any actual physical injury

---

[5] Plaintiff's Complaint acknowledges that all his claims were "falsely denied" and that he "appealed to the . . . the chief inspector," thus, completing the grievance process. ECF No. 1 at PageID #: 68.

[6] *See e.g.*, *Thomas*, 481 F.3d at 438; *Edwards*, 520 U.S. at 643.

16

(4:21-CV-1672)

resulting from this threat. Because there are no material issues of facts regarding this claim and Plaintiff fails to satisfy the PLRA pleading requirements necessitating a showing of physical injury, the Court dismisses Claim Nine.

### IV. Conclusion

Accordingly, the Court grants Defendants' Motion for Judgment on the Pleadings in its entirety. ECF No. 24. Plaintiff's Motion for Leave to Amend is denied as futile or, in the alternative, moot. ECF No. 29.

The status conference scheduled for January 27, 2023 at 12:00 p.m. is canceled. Defense counsel is hereby ordered to notify Plaintiff of the cancellation of the status conference. Because it appears that Plaintiff does not have access to the Court's electronic filing system, the Court will mail a copy of this Memorandum of Opinion and Order and Judgment Entry to Plaintiff.

IT IS SO ORDERED.

| | |
|---|---|
| January 27, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |