PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WESTLEY, | ) | CASE NO. 4:21-CV-01672 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BRANDESHAWN HARRIS, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 66 and ECF No. 67] |

The Court considers two filings, both from *pro se* Plaintiff James Westley. First, a Motion for Recusal and Disqualification of the District Judge (ECF No. 66). Second, an Objection of Referral to the assigned Magistrate Judge (ECF No. 67). The motion is denied and the objection is overruled for the reasons herein.

## I. INTRODUCTION

This case, filed over four years ago, has a protracted history: entry of judgment, appeal, partial remand, appointment and withdrawal of *pro bono* counsel, and myriad conferences, notices, and motions. See *Westley v. Harris, et al.*, No. 4:21-CV-01672 (N.D. Ohio filed Aug. 27, 2021). After a late-summer status conference, the Court referred the dispute to the assigned magistrate judge for case management and motion resolution under 28 U.S.C. § 636. *See* Minutes of Proceedings [Non-Document] 8/14/2025; ECF No. 63. Since then, Plaintiff has filed: (1) an Emergency Motion for Expedited Relief (ECF No. 64); (2) a Motion for Sanctions (ECF

(4:21-CV-01672)

No. 64); (3) a Motion for Default Judgment (ECF No. 64); (4) a Motion for Recusal and Disqualification of the District Judge (ECF No. 66); (5) an Emergency Motion for Relief from Judgment (ECF No. 68); (6) a Motion for Reconsideration and Reinstatement (ECF No. 69); (7) an Objection to Referral (ECF No. 67); (8–9) two Notices of Correction (ECF Nos. 70, 71); (10) a Notice of Continued Fraud (ECF No. 77); and (11–12) two Manual Evidentiary Filings (ECF Nos. 65, 78). While most of these filings will be resolved (*via* Report and Recommendation, or otherwise) by the magistrate judge, the Court steps in to resolve two of Plaintiff's protests: District Judge recusal and Magistrate Judge referral.

## II. DISCUSSION

### A. RECUSAL AND DISQUALIFICATION

#### 1. *Law*

A district judge must disqualify herself *sua sponte* from any proceeding in which her impartiality—typically *via* bias or prejudice—may reasonably be questioned. *See* 28 U.S.C. § 455; *Liteky v. United States,* 510 U.S. 540, 547–48 (1994). The lack of impartiality must be personal or extrajudicial. *See United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). Extrajudicial partiality is "bias . . . arising out of the judge's background and association and not from the judge's view of the law." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Personal partiality emanates "from some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003) (citing *Wheeler v. Southland Corp.,* 875 F.2d 1246, 1251–52 (6th Cir. 1989)).

2

(4:21-CV-01672)

Relatedly, when "a party to any proceeding in a district court makes and files a timely and *sufficient* affidavit that the judge . . . has a personal bias or prejudice . . . such judge shall proceed no further therein[.]" 28 U.S.C. § 144 (emphasis added). The affidavit must set forth facts allowing a reasonable person to believe "that [the] judge has a personal bias against the moving party." *Gen. Aviation, Inc. v. Cessna Aircraft, Co.,* 915 F.2d 1038, 1043 (6th Cir. 1990). The Sixth Circuit holds that § 144 and § 455 "must be construed *in pari materia*" and that "disqualification under § 455(a) must be predicated as previously under § 144, upon extrajudicial conduct rather than on judicial conduct." *Youn*, 324 F.3d at 423 (quoting *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir. 1983)).

2. *Arguments*

Plaintiff motion for recusal of the District Judge is sponsored by a whirlwind of allegations of improper dismissal, *ex parte* communication, improper referral to *pro bono* counsel for purposes of settlement, prejudice, bias, and obstruction. *See* ECF No. 66 at PageID #: 1077. He tenders conclusory claims rooted in speculation, attenuation, and indignation. *See* ECF No. 66. He contends that "[t]he District Judge arranged for a referral attorney to contact Plaintiff on the record, for the sole purpose of pressuring Plaintiff into settlement." ECF No. 66 at PageID #: 1078. He moves on to claim, "knowledge of the Court's predetermined views on a dispositive issue." ECF No. 66 at PageID #: 1079. He accuses the Court and the *pro bono* counsel of using "the exact same cautionary language[.]" ECF No. 66 at PageID #: 1079. He alleges *ex parte* communication that demonstrates "coordination and a chilling effect on Plaintiff's right to present evidence of systemic misconduct and corruption." ECF No. 66 at PageID #: 1082. Finally, he claims the Court "deliberately ignored and denied [his] [injunctive]

3

(4:21-CV-01672)

motion" addressing his unfounded fear that Defendants "may attempt to silence or destroy him" through bodily injury.  ECF No. 66 at PageID #: 1082.  Defendants oppose the motion, contending that Plaintiff has failed to demonstrate the requisite bias from "any extrajudicial knowledge or exposure."  ECF No. 73 at PageID #: 1122.  They argue that Plaintiff was merely "dissatisfied with the advice of *pro bono* counsel and theorized, without justification[,] that the presiding district judge was biased against him."  ECF No. 73 at PageID #: 1123.

### 3. *Analysis*

Plaintiff's motion is without merit.  He offers no coherent arguments or supporting evidence of personal or extrajudicial bias actionable at law or equity.  See *Wheeler,* 875 F.2d at 1252.  Rather, he "grounds" his motion on misquotations from status conferences, surreptitious recordings, and misconstructions of transcript.  See ECF Nos. 66 at Page ID ##: 1080–81, 66–1 at PageID #: 1088, 66–3 at PageID #: 1090; *Youn,* 324 F.3d at 423.  His arguments culminate with conclusory flourishes and logical incoherence, attempting to transfigure his imagined biases into a reality of impartiality.  He offers no facts "which a reasonable person would believe would indicate [the] judge has a personal bias against [him]."  *Gen. Aviation,* 915 F.2d at 1043.  Without evidence of particularized bias, recusal is unwarranted.  See *Wheeler,* 875 F.2d at 1252.  Plaintiff's contentious behavior throughout this dispute—including lashing out at the Court as if it were a mere party opponent—further justifies this determination.  See *Youn,* 324 F.3d at 423.  Plaintiff's motion is denied.

(4:21-CV-01672)

B. REFERRAL TO THE MAGISTRATE JUDGE

    1. *Law*

The Federal Magistrates Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). A district court may designate a magistrate judge to hear and determine myriad pretrial matters, including—by Report and Recommendation---motions for injunctive relief, judgment on the pleadings, summary judgment, to dismiss or quash an indictment or information, to suppress criminal evidence, to dismiss or maintain a class action, to dismiss for failure to state a claim, or involuntarily dismissal. *See* 28 U.S.C. § 636(b)(1); Local Rule 72. Moreover, a district court may refer matters without the parties' consent and is "free to do as it sees fit with the magistrate judge's recommendations" therefrom. *Roell v. Withrow*, 538 U.S. 580, 585 (2003) (addressing the difference between involuntary referral under § 636(b)(1) and consensual referral under § 636(c)).

    2. *Arguments*

Plaintiff objects to the Court's referral of case management and motion resolution to the magistrate judge, claiming it is "inappropriate and prejudicial." ECF No. 67 at PageID #: 1091. He claims that referral is improper because his case "involves systemic constitutional violations, malicious spoliation of evidence, and judicial integrity concerns that fall squarely within the Article III Court's responsibilities." ECF No. 67 at Page ID #: 1092. He also claims that "[d]elegating this matter away from the presiding District Judge . . . violates both due process and judicial duty." ECF No. 67 at PageID #: 1093. Finally, he claims that referral to the

5

(4:21-CV-01672)

magistrate judge "risks compounding the prejudice caused by the destruction of evidence." ECF No. 67 at PageID #: 1093.

### 3. *Analysis*

The Court has treated Plaintiff no differently than any other *pro se* litigant seeking relief under the Civil Rights Act.  The case was lawfully referred to the magistrate judge on August 19, 2025 under Local Rule 72 and 28 U.S.C. § 636.  *See* ECF No. 63.  Plaintiff has shown his distaste for that referral by flooding the docket with frivolous motions and redundant notices.  He attempts to support his objection with a citation from *Gomez v. United States*, 490 U.S. 858 (1989) positing that "[r]eferral to a Magistrate Judge is improper where the case presents exceptional circumstances implicating due process, judicial impartiality, and Plaintiff's safety." ECF No. 67 at Page ID ##: 1092–93.  There are at least two problems here.  At the threshold, Plaintiff fails to reveal how *Gomez* supports his claim of improper referral.  *See* ECF No. 67 at PageID ##: 1092–93.  Specifically, *Gomez*—a criminal case—contains legal conclusions and factual circumstances inapposite to Plaintiff's circumstances, both imagined and concrete.  *See* 490 U.S. at 876 (holding that a magistrate judge exceeded his statutory duty by presiding over jury selection in a felony trial).  Plaintiff's objection is overruled.

If Plaintiff disagrees with a ruling of the magistrate judge, he will have opportunity to object, as provided by 28 U.S.C § 636(b)(1)(C) and Local Rule 72.  Until then, neither Article III nor the Court bends to his will.

(4:21-CV-01672)

### III.  CONCLUSION

For the reasons above, Plaintiff's Motion for Recusal and Disqualification of the District Judge (ECF No. 66) is denied and his Objection of Referral to the Magistrate Judge (ECF No. 67) is overruled.

The Court construes *pro se* filings liberally and extends lenience when warranted.  There is, however, no tolerance for Plaintiff's continued misconduct in this litigation.  Plaintiff is hereby given notice that continuing to flood the docket with frivolous motions, oppositions, notices, or filings will subject him to sanctions—including the assessment of costs, attorneys' fees, permanent enjoinment from filing new documents, and dismissal of his case.  *See* Local Rule 7.1(i).   Similar consequences shall be imposed, if Plaintiff does not cease attempting to communicate with the Court *via* email and telephone calls.  The Court speaks through its docket; and so too shall Plaintiff, but reasonably.

A separate Case Management Conference Plan/Order will issue, and this case will proceed towards adjudication on merits, not feelings.


IT IS SO ORDERED.


| December 3, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |