# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMES WESTLEY, | CASE NO. 4:21-CV-01672 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| vs. | |
| BRANDESHAWN HARRIS, *et al*., | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Defendants. | **REPORT AND RECOMMENDATION (ECF Docs. 68 & 69)** |

Pending before the Court are Plaintiff James Westley's ("Plaintiff" or "Mr. Westley") Emergency Motion for Relief from Judgment Pursuant to Rule 60(d)(3) Due to Fraud on the Court (ECF Doc. 68 ("Motion for Relief from Judgment")) and Motion for Reconsideration and Reinstatement of Claims with Request for Findings of Fact and Conclusions of Law (ECF Doc. 69 ("Motion for Reconsideration")) (collectively "Motions to Vacate").  Defendants Haines, Gregory, Grimm, Kline, Miller, Garvey, Prasky, and Eubank filed Memoranda in Opposition to Plaintiff's Motions to Vacate.  (ECF Docs. 74 & 75.)  The motions have been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a).[1]  (ECF Doc. 63.)

For the reasons set forth below, the undersigned recommends that the Court **DENY** Plaintiff's Motion for Relief from Judgment (ECF Doc. 68) and Motion for Reconsideration (ECF Doc. 69) and all relief requested therein.

---

[1] The Motions to Vacate seek to vacate a prior judgment by this Court entered on Defendants' motion for judgment on the pleadings.  Thus, the undersigned proceeds with a report and recommendation under 28 U.S.C. § 636(b)(1)(b) and/or Fed. R. Civ. P. 72(b) rather than an Order under 28 U.S.C. § 636(b)(1)(a) and/or Fed. R. Civ. P. 72(a).

1

## I.     Procedural History

The relevant procedural history is set forth in the contemporaneously filed Order denying Plaintiff's Emergency Motion for Sanctions for Spoliation of Evidence and Notice of Defendants' Continued Bad Faith Litigation Tactics and Abuse of the Judicial System (ECF Doc. 82 ("Order on Motion for Sanctions"))[2] and is incorporated herein.

## II.     Plaintiff's Motions

### A.     Plaintiff's Motion for Relief from Judgment (ECF Doc. 68)

In his Motion for Relief from Judgment, Plaintiff requests that the Court vacate and set aside all prior judgments and orders dismissing Plaintiff's claims pursuant to Fed. R. Civ. P. 60(d)(3).  (ECF Doc. 68.)  He alleges:

> Defendants, their counsel from the Ohio Attorney General's Office, and officers of this Court engaged in a scheme to suppress and destroy irrefutable evidence that was subject to a litigation hold and preservation notice.  This misconduct constitutes fraud upon the judicial process itself, striking at the integrity of this Court's proceedings.

(*Id*. at p. 1.)  He argues that this Court and the Sixth Circuit entered rulings disposing of certain claims before learning "the truth of this spoliation" and "without knowledge of the full extent of the destroyed evidence."  (*Id*. at p. 2.)  Thus, Plaintiff contends that this Court should vacate all prior dismissals of Plaintiff's claims and reinstate all claims and defendants.  (*Id*. at pp. 2-3.)

Defendants oppose Plaintiff's Motion for Relief from Judgment, arguing that the motion is duplicative of a prior motion that was denied by this Court (ECF Doc. 59), and adopting the arguments they asserted in opposition to Plaintiff's Motion for Expedited Relief, Sanctions, and Default Judgment (ECF Doc. 72).  (*See* ECF Doc. 74, p. 2.)

---

[2] In his Motion for Sanctions, Plaintiff sought sanctions based on Defendants' alleged spoliation of surveillance video evidence.  (ECF Doc. 48.)

2

While a motion to alter a final judgment is typically governed by Federal Rule of Civil Procedure 60(b), the savings clause established in Rule 60(d)(3) "allows a judgment to be attacked for fraud on the court[.]"  *Maloof v. Level Propane, Inc.*, 429 F. App'x 462, 467 (6th Cir. 2011) (citing Fed. R. Civ. P. 60(d)(3)).  To demonstrate "fraud on the court" under that savings clause, a litigant must show "conduct (1) by an officer of the court; (2) directed to the 'judicial machinery' itself; (3) which was intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) which was a positive averment or a concealment when under a duty to disclose; and (5) which deceived the court."  *Maloof*, 429 F. App'x at 467 (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)).

Here, Plaintiff seeks "relief from judgment" on certain previously-dismissed claims in "Counts 1 through 9" of the operative complaint based on his assertion that Defendants "maliciously destroyed" video evidence relating to all of his claims—not only the four claims that remain following the Sixth Circuit's remand—and that the district court dismissed those other claims "before the truth of this spoliation was revealed to the Plaintiff."  (ECF Doc. 68, pp. 1-2.)  This request for relief must fail for numerous reasons, as detailed below.

First, the present motion is not Plaintiff's first attempt to seek reinstatement of previously dismissed claims based on allegations of malicious destruction of evidence.  (*See* ECF Doc. 51.)  In denying the prior motion, this Court explained that Plaintiff misunderstood the Sixth Circuit's remand, which "left in place [this Court]'s rulings on all matters except that it vacated the judgment on Plaintiff's failure-to-protect claim three; and vacated dismissal of claims five, six, and seven."  (ECF Doc. 59, p. 1.)  The undersigned finds no basis to reconsider that decision.

Second, Rule 60 provides for relief from "a *final* judgment, order, or proceeding."  Fed. R. Civ. P. 60(b) (emphasis added); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th

3

Cir. 2011) (holding it is a "well-established rule that Rule 60(b) applies only to final, appealable judgments"). But where, as here, "a plaintiff brings different claims . . . in the same complaint, . . . a ruling that fails to dispose of the whole complaint is not final." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (emphasis added). Because four claims remain pending following the Sixth Circuit's remand, there is currently no "final judgment" in this case that is subject to challenge under Rule 60(d)(3).

Third, for the reasons set forth in detail in the Court's Order on Motion for Sanctions (ECF Doc. 82), Plaintiff has failed to show a "fraud on the court" sufficient to support an award of relief under Rule 60(d)(3). While Plaintiff submitted some written grievances to authorities during the 14-day retention period for the relevant video surveillance evidence, Plaintiff has failed to demonstrate that authorities had a duty to preserve the video evidence at the time that it was automatically overwritten, and has certainly failed to prove that the video evidence was destroyed "maliciously" as he now alleges. Further, considering the Sixth Circuit standard to prove "fraud on the court," Plaintiff also has not shown conduct "by an officer of the court" that was "directed to the 'judicial machinery' itself" and was "intentionally false, willfully blind to the truth, or in reckless disregard of the truth." *Maloof*, 429 F. App'x at 467.

Finally, the undersigned notes that the Sixth Circuit affirmed this Court's dismissal of all claims except the four remaining claims at the pleading stage.[3] *See Westley v. Harris*, No. 23-3177, 2024 WL 4111143 (6th Cir. Sept. 4, 2024). In considering this Court's earlier rulings on the motion for judgment on the pleadings, the Sixth Circuit was required to "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the complaint contains enough facts to 'state a claim to relief that is plausible

---

[3] When appealing this Court's ruling on the judgment on the pleadings, Mr. Westley did not challenge the dismissal of other defendants at the initial screening stage. *See Westley*, 2024 WL 4111143, at *1.

4

on its face.'" *Id.* at * 2 (internal citation omitted). Because the prior rulings of this Court that were upheld by the Sixth Circuit were based on the factual allegations in the complaint, not the evidence, the evidentiary matters raised in Plaintiff's spoliation allegations are not relevant to that prior decision and accordingly do not support reconsideration.

For all of the reasons set forth above, the undersigned recommends that the Court **DENY** Plaintiff's Motion for Relief from Judgment (ECF Doc. 68).

**B.** **Plaintiff's Motion for Reconsideration (ECF Doc. 69)**

In his Motion for Reconsideration, Plaintiff requests that this Court "reconsider its prior rulings dismissing certain claims and Defendants" under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(2), (3), and (6), and reinstate the claims and Defendants "in light of the Sixth Circuit's reversal, Defendants' admissions of malicious spoliation of evidence, and binding precedent from the United States Supreme Court and Sixth Circuit." (ECF Doc. 69.) Plaintiff also requests that the Court issue specific findings of fact and conclusions of law under Fed. R. Civ. P. 52(a). (*Id.*) Defendants oppose the Motion for Reconsideration, arguing that this Court should deny the motion and further asserting that findings of fact and conclusions of law are not appropriate in the context of the pending motion. (ECF Doc. 75.)

Most of Plaintiff's arguments in the Motion for Reconsideration (ECF Doc. 69) are duplicative of arguments asserted in the Motion for Relief from Judgment (ECF Doc. 68) and other previous filings, and will not be addressed at length here. As discussed with respect to the Motion for Relief from Judgment in Section II.A., *supra*, the undersigned concludes that the Motion for Reconsideration should be denied for numerous reasons, including: (1) the motion effectively seeks reconsideration of a prior decision of this Court (ECF Doc. 59), which is not warranted; (2) the motion seeks relief under Federal Rule of Civil Procedure 60(b)(2), (3), and

5

(6), which is not available because a "final judgment" is not in place; (3) the motion seeks relief based on allegations of malicious destruction of evidence, but the Court found those allegations to be unsupported by the evidence in its Order on Motion for Sanctions (ECF Doc. 82); and (4) Plaintiff's allegations regarding spoliation of video evidence are irrelevant to the claims previously dismissed by this Court and upheld in dismissal by the Sixth Circuit because those dismissals were based on Plaintiff's allegations in his pleadings, not the evidence.

As to the few elements of Plaintiff's Motion for Reconsideration that have not already been addressed, the undersigned concludes that they do not change the analysis. For example, Plaintiff also seeks relief under Fed. R. Civ. P. 59(e), but a motion to alter or amend a judgment under that rule must be filed no later than 28 days after the entry of the judgment. There is "no possibility of an extension" of that deadline. *Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (citing Fed. Rule Civ. Proc. 6(b)(2)). Since this Court issued its ruling on Defendants' motion for judgment on the pleadings on January 27, 2023 (*see* ECF Docs. 32 & 33), Plaintiff is nearly three years too late to file a timely Rule 59(e) motion.[4] Further, Plaintiff's request for the issuance of findings of fact and conclusions of law under Fed. R. Civ. P. 52(a) is not appropriate in this procedural context. Rule 52 provides that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56, or unless these rules provide otherwise, on any other motion." *See* Fed. R. Civ. P. 52(a)(3). Plaintiff has not identified any Federal Rule of Civil Procedure that would require the issuance of findings of fact or conclusions of law when deciding a motion under Fed. R. Civ. P. 59(e) or 60(b). Thus, Plaintiff has offered no arguments in support of his Motion for Reconsideration that would justify the relief sought.

---

[4] Because the Sixth Circuit's March 6, 2025 mandate reinstated four of Plaintiff's claims (ECF Doc. 38), there is no longer a final judgment subject to challenge via a Rule 59(e) motion. But Plaintiff's Rule 59(e) motion would also be untimely if the 28-day filing deadline were calculated from the date the Sixth Circuit mandate.

For all of the reasons set forth above, the undersigned recommends that the Court **DENY** Plaintiff's Motion for Relief from Judgment (ECF Doc. 69).

### III. Conclusion and Recommendation

For the reasons set forth herein, the undersigned recommends that the Court **DENY** Plaintiff's Motion for Relief from Judgment (ECF Doc. 68) and **DENY** Plaintiff's Motion for Reconsideration (ECF Doc. 69) and all relief requested therein.

December 5, 2025

                                                */s/Amanda M. Knapp*
                                                AMANDA M. KNAPP
                                                United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).