PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WESTLEY, | ) | CASE NO. 4:21-CV-01672 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BRANDESHAWN HARRIS *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 68, 69] |

## I.  INTRODUCTION

Proceeding *pro se*, Plaintiff James Westley enters an Emergency Motion for Relief from Judgment and Motion for Reconsideration and Reinstatement.  *See* ECF Nos. 68, 69.  The former, raised under Fed. R. Civ. P. 60(d)(3), seeks vacatur due to alleged fraud.  *See* ECF No. 68 at PageID ##: 1097–99.  The latter, raised under Fed. R. Civ. P. 59(e) and 60(b), is broadly duplicative of the earlier filed motion.  *See* ECF No. 29 at PageID ##: 1102–05.  On referral, the Honorable Amanda M. Knapp recommends that both motions be denied.  *See* ECF No. 84.  Plaintiff vehemently disagrees.  *See* ECF No. 85.  For the reasons herein, the Court overrules Plaintiff's Objections, adopts the Report and Recommendation ("R&R"), and denies the motions.

## II.  BACKGROUND

### A.  *Referral*

The contested facts and protracted proceedings in this litigation have been iterated *ad nauseam* since Plaintiff, a former state inmate, filed a seventy-five-page complaint under 42 U.S.C. § 1983 against myriad state defendants alleging, *inter alia*, inadequate medical care,

(4:21-CV-01672)

excessive force, deliberate indifference, exposure to disease, unjustified use of chemical agents, and retaliation.  *See*, *e.g.*, ECF Nos. 1, 7, 32, 63, 81, 84.  Relevant here: Plaintiff simultaneously filed an Emergency Motion for Relief from Judgment and Motion for Reconsideration and Reinstatement.  *See* ECF Nos. 68, 69.

On referral, the magistrate judge recommends *via* R&R the Court deny both motions.  *See* ECF No. 63, 84.  First, as to Plaintiff's Emergency Motion for Relief from Judgment, *see* ECF No. 68, the R&R proposes that (1): the motion is duplicative of a denied motion; (2) there is no final judgment because four claims remain pending following remand; (3) Plaintiff fails to demonstrate the requisite elements of fraud; and (4) the prior dismissals were based on pleading deficiencies, not evidence—thereby rendering spoliation irrelevant.  *See* ECF No. 84 at PageID ##: 1203–06.  Second and similarly, as to Plaintiff's motion for Reconsideration and Reinstatement, the R&R proposes that: (1) the motion is duplicative of ECF No. 68; (2) Fed R. Civ. P. 60(b) relief is unavailable absent final judgment; (3) Plaintiff's spoliation allegations are unsupported and irrelevant; (4) Plaintiff's Fed. R. Civ. P. 59(e) request is three-years late; and (5) the request for findings of fact and conclusions of law is procedurally incongruous.  *See* ECF No. 84 at PageID ##: 1206–08.

### B.  *Objections*

Plaintiff posits ten purported objections to the magistrate judge's R&R:

> (I) The Magistrate Judge lacked jurisdiction to issue dispositive orders. Both parties expressly declined magistrate jurisdiction on October 18, 2022 (ECF DOC 25).
>
> (II) The Magistrate Judge issued dispositive rulings, not recommendations, in violation of 28 U.S.C. § 636(c). (ECF DOC. 82, 83).
>
> (III) The rulings directly conflict with the District Judge's December 3 Order (ECF DOC. 81).

2

(4:21-CV-01672)

> (IV) The Magistrate Judge adopted a false "14-day loop" narrative, ignoring mandatory ODRC video retention rules in effect during 2019- 2021.

> (V) The Magistrate Judge errored by failing to address inadvertent admissions by Defendants, (ECF DOC. 49, ECF DOC. 79, August 6, 2025, TR: pg. 16-19) including review of the video by supervisory staff and the GTL audio confession.

> (VI) The Magistrate Judge introduced new legal arguments and defenses never raised by Defendants. (ECF DOC. 82).

> (VII) The destruction of video evidence was prejudiced against the Plaintiff's ability to prove all nine constitutional claims, requiring reinstatement and sanctions.

> (VIII) Fraud on the Court and Spoliation: Selective retention (ECF DOC. 49, August 6, 2025, TR:) and destruction of reviewed video, coupled with concealment of a GTL audio confession (ECF DOC. 78), constitute willful spoliation and fraud on the Court.

> (IX) The rulings constitute fraud on the court, requiring relief under Rule 60(d)(3).

> (X) The Magistrate Judge referred to civil claims as criminal "counts" as stated in ECF DOC. 84 PAGE ID# 1204.

ECF No. 85 at PageID ##: 1210–11 (cleaned up).

## III. LAW

For non-dispositive pretrial matters, a magistrate judge may issue a binding order to which litigants may object within fourteen days. *See* Fed. R. Civ. P. 72(a). A district judge reviews any timely objections and may modify or set aside the order only if it is clearly erroneous or contrary to the law. *See id.* Conversely, for dispositive motions and prisoner petitions, a magistrate judge may issue an R&R without party consent (subject to the same objection timeline). *See* Fed. R. Civ. P. 72(b). The district judge reviews any properly objected-to portions of the R&R *de novo* and may accept, reject, modify, receive further evidence, or remand with instructions. *See id.*; 28 U.S.C. § 636(b)(1)(C). Objections must be clear and

3

(4:21-CV-01672)

specific, directing the district court's attention to particular contentions with the R&R.[1]  *See Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Because Plaintiff's motions seek to set aside prior judgment entered on a motion for judgment on the pleadings, the magistrate judge correctly proceeded with a R&R under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), rather than with an order under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

## IV.  ANALYSIS

Objections IV, V, VI, and VIII are sufficiently specific to warrant *de novo* review because they identify findings in the R&R, cite specific portions of the record that the magistrate judge allegedly ignored, and point to purported errors in the legal and factual analysis.  *See* ECF No. 85 at PageID ##: 1210-11.  Even on *de novo* review, however, those Objections are overruled.  On the other hand, Objections I, II, III, VII, IX, and X do not warrant *de novo* review because they (a) present well-settled and purely legal questions, (b) are too vague and conclusory to constitute specific objections, (c) restate arguments already rejected by the Court and the Sixth Circuit, and (d) identify no cognizable legal or factual errors in the R&R.  *See* ECF No. 85 at PageID ##: 1210-11.  Accordingly, those objections are denied without review or, in the alternative, for the reasons below.

First, Plaintiff argues that the magistrate judge lacked jurisdiction because the Parties declined consent in October 2022.  *See* ECF No. 85 at PageID ##: 1210.  Plaintiff confuses two

---

[1] *See Potter*, 2020 WL at *2 ("A party disappointed with the [magistrate judge]'s recommendation has a duty to pinpoint those portions of the [R&R] that the district court must specially consider.") (cleaned up).  As a result, a vague objection to the entire report that "attempts to support [a] general objection with an exact recitation of arguments that were previously raised before the [magistrate judge]" does not meet the specificity requirement that triggers *de novo* review.  *Id.* (cleaned up).

4

(4:21-CV-01672)

distinct statutory provisions.  Consent, under 28 U.S.C. § 636(c) , is required only when a magistrate judge exercises full case jurisdiction—it is not required for a referral under 28 U.S.C. § 636(b)(1)(B).  The Parties' declination of jurisdiction, therefore, did not strip the magistrate judge of authority under 28 U.S.C. § 636(b)(1)(B).  Second, Plaintiff argues that the magistrate judge issued final dispositive orders rather than recommendations.  *See* ECF No. 85 at PageID #: 1210.  Because ECF Nos. 82 and 83 resolved non-dispositive motions, those were not dispositive orders.  Objections I and II are overruled.

Third, Plaintiff's objection that the R&R conflicts with the Court's December 3, 2025 Memorandum and Order, *see* ECF Doc. 81, is too vague and conclusory to trigger *de novo* review.  Plaintiff identifies no specific conflict, and a general objection has the same effect as no objection at all.  Fourth, Plaintiff's objection that the magistrate judge adopted a fabricated fourteen-day video retention standard while ignoring mandatory policies fails to demonstrate how ODRC Policy 09-INV-01 or Ohio Admin. Code § 5120-9-03 were triggered under the circumstances, or that the video was maliciously destroyed after a preservation obligation arose rather than through routine automated overwriting.  Objections III and IV are overruled.

Fifth, Plaintiff's objection that the magistrate judge failed to address supervisory admissions and the audio recording is overruled, as a review of the record supports the magistrate judge's conclusion that Plaintiff had not established the elements of fraud or willful spoliation.  Even assuming the recordings were admissible as a party-opponent admission, that does not demonstrate that Defendants engaged in conduct sufficient to satisfy the stringent fraud standard.[2]  Sixth, Plaintiff's objection that the magistrate judge introduced defenses not raised by

---

[2] The Sixth Circuit narrowly interprets fraud on the court under Fed. R. Civ. P. 60(d)(3). *See* *McKenna v. Nestle Purina PetCare Co.,* No. C2–05–976, 2011 WL 14418, at *2 (S.D. Ohio

5

(4:21-CV-01672)

Defendants is overruled, as a magistrate judge is not limited to the arguments advanced by the parties and may independently identify legal and factual bases bearing on the issues presented. This is precisely what the magistrate judge did in analyzing the video retention circumstances. Objections V and VI are overruled.

Seventh, Plaintiff's objection that spoliation requires reinstatement of all claims is overruled because the dismissed claims were adjudicated at the pleading stage under *Iqbal* and *Twombly* (and affirmed by the Sixth Circuit on the same basis).  Spoliation of evidence cannot retroactively cure Plaintiff's failure to plead a plausible claim.  Eighth, Plaintiff's objection that selective video production and the GTL recording constitute willful spoliation, and fraud is overruled because Plaintiff has not established that a preservation duty existed at the time the video was overwritten.  Partial production of *some* footage does not equate to intentional destruction of the remainder, nor does the recording satisfy the stringent elements of fraud. Objections VII and VIII are thus poorly taken and overruled.

Ninth, Plaintiff's objection seeking Fed. R. Civ. P. 60(d)(3) relief is overruled because no final judgment exists at present, making such relief procedurally unavailable.  Alternatively, Plaintiff failed to establish the requisite elements of fraud.  Finally, Plaintiff's objection that the magistrate judge improperly referred to his civil claims as "counts" is overruled, as that term is

---

Jan. 3, 2011). "Fraud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Id.* (quoting *Demjanjuk v. Petrovsky,* 10 F.3d 338, 352 (6th Cir. 1993). "Relief under [Fed. R. Civ. P. 60(d)(3)], therefore, is usually 'reserved for circumstances in which, for example, a judge or a juror has been bribed, a bogus document is inserted in the record, or improper influence has been exerted upon the court or an attorney so that the integrity of the court and its ability to function is directly impinged.'" *Id.* (quoting *Morawski v. United States Dep't of Agric.,* No. 09–14568, 2010 WL 2663201, at *7 (E.D. Mich. Jul. 2, 2010)).

(4:21-CV-01672)

common in federal civil litigation, carries no substantive legal significance, and is not bias, improper framing, or legal error of any kind.  Objections IX and X are ~~thus poorly taken and~~ overruled.

## V.  CONCLUSION

The Court overrules Plaintiff's Objections, adopts the Report and Recommendation, and denies Plaintiff's Emergency Motion for Relief from Judgment and Motion for Reconsideration and Reinstatement.  *See* ECF Nos. 68, 69.


IT IS SO ORDERED.


March 10, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge

7